E-FILED
Wednesday, 03 April, 2013  03:25:40 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| CANDIDO GUINTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   13-cv-1080 |
| | ) | |
| TONEY GODINEZ, *Director of IDOC*, J. | ) | |
| DARTHY*, Major*, MAT CHAPIN*,* | ) | |
| *Lieutenant*, LT. ROBBISON, and SHANE | ) | |
| DONELSON, *Internal Affairs* | ) | |
| | ) | |
| Respondents. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and his Motion for Leave to Proceed in forma pauperis (Doc. 2), received by the Court on February 21, 2013.  For the reasons stated below, Petitioner is granted leave to proceed in forma pauperis and his Petition is dismissed without prejudice.

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner filed a Motion for Leave to Proceed in forma pauperis concurrently with his § 2254 petition.  (Doc. 2).  In his Motion, he asserts that he is unemployed and has no assets.  (Doc. 2 at 1-3).  Petitioner also asserts, however, that he receives fifteen dollars per month from the institution where he is presently incarcerated. (Doc. 2 at 1).  The trust fund account ledgers received by the Court indicate various monthly deposits from external sources ranging from $25.00 to $150.00, as well as monthly payroll deposits that range from $8.98 to $15.00.  (Doc. 4 at 1-2).  The most

recent information available to the Court shows a balance of $16.40 as of March 8, 2013.  (Doc. 4 at 2).

Although the partial filing fee requirement outlined in 28 U.S.C. § 1915(b)(1) does not automatically apply to habeas corpus petitions, the Court may nevertheless use its discretion to apply the formula to determine the required fee amount.  *See Longbehn v. United States*, 169 F. 3d, 1082, 1083 (7th Cir. 1999) (commending the discretionary application of the § 1915(b)(1) formula). Accordingly, this Court exercises its discretion to apply the § 1915(b)(1) formula to determine Petitioner's ability to pay court fees.  Under the formula, Petitioner is capable of paying twenty percent of the greater of his average monthly deposits or his average monthly balance for the six month period immediately preceding the filing of the action.  28 U.S.C. § 1915(b)(1).  Petitioner's average monthly deposit is $96.50, and his average monthly balance is $93.14.  (Doc. 4 at 1-2).  Twenty percent of the greater of these two averages is $19.30.

The Court grants Petitioner's request to proceed without prepayment of the applicable filing fee and has reviewed his Petition prior to receiving the applicable fee.  Nonetheless, under the § 1915(b)(1) formula, Petitioner must still pay what he is capable of paying, which in this case seems to exceed the full filing fee amount of $5.00 dictated by 28 U.S.C. § 1914(a).  *See Longbehn*, 169 F.3d at 1083 ("All that permission to proceed *in forma pauperis* has ever meant is that the fees not be *pre-paid*.").  Here, because Petitioner's trust fund balance presently exceeds $5.00, he must forward the full amount to the Clerk of this Court.

## 28 U.S.C. § 2254 PETITION

Petitioner is currently serving a thirty-year sentence in Illinois state prison. (Doc. 1 at 1, 4). From what the Court can discern, Petitioner's central argument revolves around his placement in disciplinary segregation, from which he raises several challenges against Respondents based on the following incidents: 1) Respondents removed Petitioner from his cell, strip searched his body, searched his cell, stole his legal documents, and placed him in disciplinary segregation without any disciplinary charges against him; 2) Respondents told Petitioner that he was held in segregation pending a disciplinary hearing that never occurred and without informing Petitioner what prison rules he had violated; 3) Because he was in segregation, Petitioner had restricted access to numerous prison facilities, such as, access to the law library and legal materials, visitors, telephone calls, the hot water yard, and any investigative committees; and 4) Petitioner was denied eye treatment while in segregation, causing him to feel pain and irritation in his eyes. (Doc. 1 at 1-4). Accordingly, Petitioner "moves this honorable court to release petitioner from the segration[sic] unit to general population" pursuant to 28 U.S.C. § 2254. (Doc. 1 at 1).

Rule 4 of the Rules Governing Section 2254 Cases in the District Courts requires the district court to "promptly examine" a new § 2254 petition and dismiss it "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court." The Court has examined the Petition, and finds that, for the following reasons, Petitioner is plainly not entitled to habeas corpus relief.

Section 2254 allows "a person in custody pursuant to the judgment of a State court" to file a habeas corpus petition "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See also Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) (explaining that the essence of a habeas corpus petition is to provide a means of "attack by a person in custody upon the legality of that custody.") Thus, habeas corpus exists as the avenue through which a prisoner may assert that he is unlawfully confined. Habeas corpus is not, however, the appropriate avenue for a prisoner to challenge the conditions of his confinement. *Robinson v. Sherrod*, 631 F.3d 839, 840 (7th Cir. 2011) (holding that habeas corpus statute cannot be used to challenge conditions of confinement); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) (holding that prisoner's claim that state unlawfully placed him in disciplinary segregation may not be challenged under § 2254).

Here, all of Petitioner's grievances against Respondents arise from his placement in disciplinary segregation. The Seventh Circuit, however, explicitly clarified that "disciplinary segregation affects the severity rather than duration of custody," and thus was not a viable claim under a § 2254 petition. *Montgomery*, 262 F.3d at 643. Instead, the court directed that "more-restrictive custody must be challenged under § 1983, in the uncommon circumstances when it can be challenged at all." *Id.* at 644. Moreover, while district courts may exercise their discretion to recharacterize a habeas corpus petition as a civil rights complaint, the Court agrees with the Seventh Circuit's urging not to do so because of the numerous

disadvantages it could present to the Petitioner.  *See Robinson*, 631 F.3d at 841 (recommending that district courts not recharacterize a habeas corpus petition as a civil rights complaint because the suits differ in so many respects that it would disadvantage the prisoner).  Accordingly, the Court dismisses Petitioner's Petition without prejudice.

IT IS THEREFORE ORDERED that Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is GRANTED.  Petitioner SHALL pay the full filing fee of $5.00.  If, at the time the trust fund department at Petitioner's institution receives this Order, Petitioner does not have that much money in his account, the trust fund department shall send 20% of Petitioner's current balance.  Thereafter, each time the balance in Petitioner's account exceeds $10.00, Petitioner's custodian shall forward to the Clerk, in monthly payments, 20% of the preceding month's income credited to Petitioner's account until the $5.00 filing fee is paid.  Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DISMISSED WITHOUT PREJUDICE. CASE TERMINATED.


Entered this 3rd day of April, 2013.


s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge